CHICAGO—FIRST DISTRICT—APRIL, 1917.    339.

Talcott v. American Board of Commissioners, 205 Ill. App. 339.

Harry H. Talcott et al., Appellees, v. American Board of Commissioners for Foreign Missions and Congregational Home Missionary Society, Appellants.

Gen. No. 22,802.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Harry H. Talcott, James S. Barstow, personally and as trustee for Fayette C. Barstow, Fanny B. Perkins and Dorothy B. Pettibone, complainants, against the American Board of Commissioners for Foreign Missions and the Congregational Home Missionary Society, defendants, to ascertain, settle and decree the rights of the several parties in and to a fund of $5,400 represented by a certain note secured by trust deed conveying certain real estate. From a decree, upon demurrer overruled to a part and answer to the remainder of the bill, finding defendants had no interest in said fund and directing that it be transferred to complainant James S. Barstow as trustee, defendants appeal.

DAVID FALES and JOHN R. MONTGOMERY, for appellants.

CASSODAY, BUTLER, LAMB & FOSTER, for appellees; HERBERT POPE, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. TRUSTS, § 25*—*when irrevocable trust is not created.* A document directing a certain party to hold certain notes in trust for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Talcott v. American Board of Commissioners, 205 Ill. App. 339.

the use of the signer of the document during the signer's life and on her death, "when money becomes due and is paid," to dispose of such money to specified donees and to make the bequests "in the name of a friend," *held* not to create an irrevocable trust.

2. WILLS, § 64*—*when document is void as constituting insufficient testamentary disposition.* A document directing a certain party to hold certain notes in trust for the use of the signer of the document during the signer's life and on her death, "when money becomes due and is paid," to dispose of such money to specified donees and to make the bequests "in the name of a friend," *held* void as a testamentary disposition and as not fulfilling the legal requirements of a will.

3. WILLS, § 374*—*when note secured by trust deed becomes part of estate and passes by will.* Where a document directed a certain party to hold certain notes in trust for the use of the signer of the document during the signer's life and on her death, "when money becomes due and is paid," to dispose of such money to specified donees and to make the bequests "in the name of a friend," and such signer did not die until after the notes had been paid and the money invested in other property in the form of a note secured by trust deed on certain real estate, *held* that the latter note became a part of the signer's estate on her death and passed under the residuary clause of her will, notwithstanding the provisions of the document.

4. TRUSTS, § 12*—*when document cannot be treated as a declaration of trust.* What is clearly intended as a voluntary assignment or gift but is imperfect as such cannot be treated as a declaration of trust.

5. TRUSTS, § 28*—*when document creating trust is void for remoteness.* Where a document provided that a certain party named therein should hold certain notes in trust for the use of the signer of the document during the signer's life and on her death, "when money becomes due and is paid," should dispose of such money to specified donees, *held* that if the words "when money becomes due and is paid" were of controlling importance as designating a time when the trust fund should be paid to the beneficiaries, the document would be void for remoteness.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.